UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2018 APR -9  AM 11: 51

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | A-18-M-207 |
| | § | |
| MARK CONDITT | § | |
| | § | |

## MOTION TO DISMISS COMPLAINT AND FOR LIMITED UNSEALING OF ORIGINAL COMPLANIT AFFIDAVIT

Comes now the United States of America, by and through the undersigned Assistant United States Attorney for the Western District of Texas, and pursuant to Rule 48 of the Federal Rules of Criminal Procedure, hereby files its Motion to Dismiss Complaint and For Limited Unsealing of the Original Complaint Affidavit in the above-captioned case. In support of its motion, the Government would respectfully show the Court the following:

**I.        Request for Dismissal**

On March 20, 2018, at approximately 10:47 PM, the Government submitted an Affidavit in support of a Criminal Complaint and Arrest Warrant alleging that Mark Conditt committed a violation of Title 26 United States Code § 5861. On that same day, at 11:03 PM, this Court issued the Arrest Warrant for Conditt.

Law enforcement has confirmed to the Government that Mark Conditt has been deceased since approximately 1:59 AM on March 21, 2018.

Because the Defendant is now deceased, the Government requests that the Complaint be dismissed.

1

## II.     Request for Limited Unsealing of Complaint Affidavit

For the following reasons,[1] the Government respectfully requests that the original Complaint Affidavit in this case remain sealed, and that a redacted version of the Complaint Affidavit, attached hereto under seal, be unsealed and made part of the public record:

a.     The law enforcement investigation regarding Conditt's criminal activities is ongoing. The original Complaint Affidavit filed in this case contains information about sensitive law enforcement techniques and methods that, if released publicly, could hinder law enforcement's effectiveness, both generally and in this specific case. Furthermore, the original Complaint Affidavit contains details about explosive device components and construction which, if revealed, could not only jeopardize the ongoing investigation in this case, but also pose a threat to public safety.

b.     The original Complaint Affidavit contains several references to individuals who provided information to law enforcement. If such references were made public, it could have a chilling effect on information provided by informants and witnesses to law enforcement, both generally and in this case. Additionally, publicizing those references could jeopardize the legitimate privacy rights of those individuals.  Finally, because Court rules and federal law limit the personal identifying information that may be released in public court documents, certain details, such as the street names and numbers of residential addresses, have been redacted in the attached Complaint Affidavit.

---

[1] Given the public nature of this document, the Government is able to refer to some information only generically. If necessary to the Court's determination of this motion, at the Court's request, the Government will provide additional details to the Court in a supplemental sealed filing.

      c.      Paragraph 19 of the original Complaint Affidavit contains information that our office is advised is subject to disclosure restrictions under federal law.  Although certain disclosure exceptions exist for such information, it is not believed that an exception exists in this case at this time.

      While the Government acknowledges the public's qualified right of access to judicial records, *see United States v. Sealed Search Warrants*, 868 F.3d 385, 390–96 (5th Cir. 2017), the Government believes that those interests are outweighed in this case by the following interests favoring nondisclosure, as summarized above: the possible chilling effect on information provided by informants and witnesses to law enforcement; the potential hindrance to an ongoing law enforcement investigation if certain details are revealed at this time; the potential hindrance to law enforcement if certain investigative techniques or explosive device-making techniques are made public; innocent third parties' rights to privacy; and disclosure restrictions related to certain protected records and to personal identifying information, as imposed by law and the rules of this Court.

      For the above reasons, the Government requests that the original Complaint Affidavit in this case remain sealed until further order of the Court, and that the attached redacted version of the Complaint Affidavit be unsealed and made part of the public record.

                    Respectfully submitted,

                    JOHN F. BASH
                    UNITED STATES ATTORNEY


By:              /s/
                    MICHAEL C. GALDO
                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § | **A-18-M-207** |
| **MARK CONDITT** | § § § § | |

## ORDER

Came on this date to be considered Government's Motion to Dismiss Complaint and for Limited Unsealing of Original Complaint Affidavit in the above styled cause, and after considering the same, the Court is of the opinion that it should be granted. Accordingly,

**IT IS ORDERED** that the complaint in the above-styled cause is DISMISSED WITHOUT PREJUDICE;

**IT IS FURTHER ORDERED** that the arrest warrant in the above-styled cause is WITHDRAWN;

**IT IS FURTHER ORDERED** that the Government's proposed redacted Complaint Affidavit, attached under seal to the Government's motion, is hereby UNSEALED;

**IT IS FINALLY ORDERED** that the original unredacted Affidavit in support of the Criminal Complaint in the above cause is to remain SEALED until further order of this Court, for the reasons stated in the Government's motion and for the reasons stated below.

THE COURT FINDS that the public's presumptive qualified right of access to judicial records requires unsealing of the majority of the original Complaint Affidavit in this case. However, the Court further finds that, with respect to the redacted portions of the Government's proposed Complaint Affidavit, the public's right of access is outweighed by interests favoring nondisclosure.

4

These interests include the possible chilling effect on information provided by informants and witnesses to law enforcement; the potential hindrance to an ongoing law enforcement investigation if certain details are revealed at this time; the potential hindrance to law enforcement if certain investigative techniques are made public; innocent third parties' rights to privacy; and disclosure restrictions related to certain protected records and to personal identifying information, as imposed by law and the rules of this Court.

**SIGNED** this _____ day of _____, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE